## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO WILD PUBLIC LANDS,<br>23272 Two Rivers Road, Basalt,<br>Colorado, 81621, | CIV # 18-2781 |
| Plaintiff,<br>v. | **COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |
| UNITED STATES BUREAU OF<br>LAND MANAGEMENT, 1849 C St.,<br>NW, Washington, D.C., 20240. | |
| Defendant. | |

## I. INTRODUCTION

1. The Defendant United States Bureau of Land Management has violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), by unlawfully failing to timely issue a determination in response to a records request by Plaintiff Colorado Wild Public Lands, regarding a proposed land exchange at Blue Valley Ranch, Colorado, by unlawfully withholding such documents, and by failing to issue an estimated date of completion of the request.  This lawsuit requests an order declaring that the agency has violated FOIA, and enjoining the agency to issue a determination and provide Plaintiff with the records it has requested.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

### III. PARTIES

4. Plaintiff COLORADO WILD PUBLIC LANDS is a non-profit, 501(c)(3) organization that supports and promotes environmentally responsible management of public lands in Colorado.  In particular, the organization was formed to monitor land exchanges between the federal government and private parties, to make sure that they are in the public interest both in terms of land and resource protection and to make sure that the government does not give up more public resources, or more in value, than it receives in these exchanges.  As part of this mission, Colorado Wild Public Lands collects information through FOIA and other means to help organize local resources to evaluate, monitor, provide comments on, and influence, potential changes to public lands and assets.  It is attempting to do this regarding the proposed Blue Valley Ranch Land Exchange.

5. Defendant UNITED STATES BUREAU OF LAND MANAGEMENT ("BLM") is a federal agency within the United States Department of the Interior. The BLM is responsible for responding to FOIA requests submitted to it, and so is sued as a Defendant in this action.

6. The Defendant's violations of law have denied Plaintiff the information to which it is entitled, and Plaintiff and its members are injured by its inability to protect the public lands and resources at issue in the proposed Blue Valley Ranch

Land Exchange, and by the deprivation of government information to which they are entitled.

## IV. FACTS AND LAW

7. On June 1, 2018, Anne Rickenbaugh of behalf of Plaintiff emailed Brian Klein, FOIA officer for the BLM's Colorado State office, requesting records related to the Blue Valley Ranch Land Exchange.  The request requested expedited processing based on "compelling need" under 5 U.S.C. § 552(a)(6)(E) due to the impending close of the comment period on the land exchange later that month.

8. On June 4, 2018, Ms. Rickenbaugh emailed Mr. Klein with an errata regarding a statement in the June 1 letter, although it did not change the records that were requested.

9. That same day (June 4), Mr. Klein emailed Ms. Rickenbaugh an acknowledgment of what he called the "June 4, 2018" FOIA request, assigned it the "FOIA control number BLM-2018-00897/CO-18-062," and placed it in the agency's "Complex processing track."  The letter provided "the opportunity to limit the scope of [the] request in order to qualify for faster processing."

10. On June 15, 2018, Ms. Rickenbaugh limited the scope of that request by stating that Plaintiff no longer needed one of the requested documents, nor parts of another.

11. Ms. Rickenbaugh submitted two more records requests to supplement Plaintiff's original request.  On June 11, 2018, Ms. Rickenbaugh emailed a request to Annie Speradino of the BLM's Kremmling Field Office, and sent a similar request

to Mr. Klein dated June 11 on June 12, 2018.  On June 15, 2018, Ms. Rickenbaugh

sent another records request to Ms. Speradino.

12. No documents had been provided to Plaintiff as of September 11, 2018,

and so Plaintiff sent a letter to Mr. Klein and Ms. Speradino requesting an update

as to when the documents would be provided.  This letter included a list of

documents at issue after the list was both limited and expanded as detailed above.

This list, which includes all the records now at issue, is as follows from the

September 11th letter:

> JUNE 1 – FOIA OFFICE – cc'd field office
> Received a response from Brian Klein referencing control #BLM-2018-00897/CO-18-62
> 1. Identification of the parcels on which the two significant archaeological resources referred to on p. 3 of the Feasibility Analysis are located (not the actual locations, just the parcel ID).  We previously requested the Metcalf and Archeological Consultants' Inventory from 2004 and the update, but do not need to review the studies themselves
> 2.  Agreements To Initiate, (ATIs) conducted for this land exchange and previous ('01,'05) proposals
> 3. Appraisals, appraisal instructions and any documentation supporting the valuations for this and previous land exchange proposals ('01,'05) with Blue Valley Ranch
> 4. MOU between BLM and BVR regarding the proposed Recreation Design Features (EIS at 2-6)
> 5. Agreements between BVR and Sheephorn Ranch, Skylark Ranch and Blue Valley Acres HOA
> 6. Feasibility Analysis for 1999 Eagle Pass Land Exchange with Galloway Inc; we previously requested this only from the field office, but are including it on this list, as it may not be located at the field office.  It is still listed below under documents requested from the field office
>
> JUNE 11 – FIELD OFFICE (because EIS references docs as "in the project file")

- RCC Associates 2013 Recreation Study
- Biological Assessment and Evaluation (EIS 3-77)
- Botanical Biological Evaluation and assessment (EIS 3-110)
- Existing conditions report for Terrestrial Biological Resources – URS 2014 (EIS 3-110)

JUNE 15 – FIELD OFFICE
- Feasibility Analysis for 1999 Eagle Pass Land Exchange with Galloway Inc;
- Wetland, Other Waters of the US and Riparian Areas Technical Report for the BVR Exchange (EIS-3-159)
- Wetland, Other Waters of the US and Riparian Areas Delineation Report for the BVR Exchange (EIS 3-158)

13. On September 27, 2018, Gregory P. Shoop, Acting State Director for the BLM's Colorado State Office, sent Ms. Rickenbaugh two letters. The first concerned the June 1 request (referred to as the "June 4, 2018" request), and the second was regarding the June 11 request. The letters both apologized for the delay in processing, but provided no estimated dates of completion. The latter letter stated that the FOIA control number for the June 11 request was BLM-2018-00947/CO-18-065. No letter was provided regarding the June 15, 2018 request.

14. On October 1, 2018, Plaintiff emailed Mr. Klein a letter (dated September 28, 2018), requesting an estimated date of completion for the records requests but received no response.

15. On October 8, 2018, Ms. Rickenbaugh sent another email requesting a date of completion, but received no response.

16. FOIA requires an agency to issue a determination on a FOIA request within 20 working days, and to make requested records "promptly available." 5

U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i).  Accordingly, its determinations were due no later than July 16, 2018 even if June 15 is considered the date of the requests, but no determinations have been issued, nor any responsive documents provided.

17. FOIA further requires that for all requests requiring "longer than ten days to process," the agency is required to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. §§ 552(a)(7).  Despite that Plaintiff specifically requested an estimated date of completion, none has been provided.

## V. CLAIM FOR RELIEF

18. The above paragraphs are incorporated here by reference.

19. FOIA states that "[e]ach agency, upon a request for records . . . shall—(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . .." 5 U.S.C. § 552(a)(6)(A).  Further, each agency "shall make the records promptly available" to the requester.  5 U.S.C. § 552(a)(3)(A).  FOIA also requires that for all requests requiring "longer than ten days to process," the agency is required to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. §§ 552(a)(7).

20. The BLM has failed to issue such a determination on Plaintiff's records and fee waiver request, failed to provide an estimated date of completion, and failed to provide any documents to Plaintiff, and so has violated FOIA.

## VI. REQUEST FOR RELIEF

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1. Declare that Defendant violated FOIA by failing to issue a determination on Plaintiff's records and fee waiver request within FOIA's deadline, by failing to produce any records, and by failing to provide an estimated date of completion;

2. Direct by injunction that Defendant immediately issue a determination on Plaintiff's records request and provide the Plaintiff with the records it has requested;

3. Grant the Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and

4. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED November 28, 2018.

    /s/Matt Kenna    
Matt Kenna, D. D.C. Bar # CO0028
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, CO 81301
(970) 749-9149
matt@kenna.net


Attorney for Plaintiff
